Howard B. Levi (HB-7138)
Gail R. Zweig (GZ-3480)
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas - 17th Fl.
New York, NY 10036
Tel: 212-308-3264
Fax: 212-308-8830

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RIDGE CLEARING & & OUTSOURCING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> - against - <br><br><br> ADNAN KHASHOGGI, <br><br> Defendant. | 07 Civ. 6611 (RJH) (HP) <br><br> ECF CASE <br><br> **DECLARATION OF ALEXANDER B. BLUMROSEN REGARDING SERVICE OF SUMMONS AND AMENDED COMPLAINT** |

ALEXANDER B. BLUMROSEN states under penalties of perjury as follows:

1. I am an attorney, admitted to the bars of New York and Paris, France. I am a partner in the French law firm of Bernard – Hertz – Béjot, and have practiced law in France since 1989.

2. I submit this Declaration regarding service of the Summons and Amended Complaint in the above-captioned matter.

3. I have acted as counsel for Plaintiff in this matter in France, and have been asked to provide this Declaration to confirm whether proper service has been made on M. Adnan Khashoggi at his address in France in this matter.

4. Service in France is properly effected under the Hague Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which entered into force in the United States on February 10, 1969, and in France on September 1, 1972 (hereafter the "Hague Service Convention").

5. Article 10 of the Hague Service Convention provides, in part, that, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

6.  France has not objected to service under article 10(c) of the Hague Service Convention, and accordingly service is properly made in France under the French rules for serving a complaint in a civil matter.

7.  Service of process in France is properly made by process-server, an officer of the court who must effect service as provided in the New Code of Civil Procedure and establish an affidavit of service that states when and how service was effected.

8.  In this matter, I provided the Summons, Amended Complaint and all exhibits thereto to Mr. Gérard TREIBER, a process-server in Cannes, which is Mr. Khashoggi's place of residence, for service. We retained this particular bailiff because he had already served the summons and Complaint on Mr. Khashoggi, and a complaint from another American legal proceeding on Mr. Khashoggi at his Cannes residence.

9.  The process-server served the Summons, Amended Complaint and all exhibits thereto on Mr. Khashoggi on September 13, 2007. His Affidavit of Service is attached hereto as Exhibit A, and an English translation is attached as Exhibit B.

10.  Article 655 of the New Code of Civil Procedure provides for substitute service of a complaint at a defendant's residence, as follows:

> "Where the signification in person shall prove to be impossible, the process paper may be delivered either at the place of domicile or, in default of a known place of domicile, at the place of residence.
>
> The process-server must describe in the process paper the steps he took to proceed with personal service, as well as the circumstances making such service impossible.
>
> The copy may be delivered to any person present at the place of domicile or at the place of residence of the addressee.
>
> The copy may be left only on condition that the person present accepts, and states his/her surname, first names, and capacity.
>
> The process-server must leave, in all cases, at the place of domicile or residence of the addressee, a dated notice of his visit advising of the delivery of the copy and indicate the nature of the process and the surname of the petitioner as well as providing such information relating to the person to whom the copy has been delivered."

11.  Upon review of the Affidavit of Service, I confirm that service was properly made under French law and conforms to articles 653 and following of the New Code of Civil Procedure.

12. The foregoing is my true and correct understanding of the facts and matters of French law pertaining thereto.


Signed in Paris, France
October 9, 2007

_____
Alexander B. Blumrosen