Howard B. Levi (HB-7138)
Gail R. Zweig (GZ-3480)
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas - 17th Fl.
New York, NY 10036
Tel: 212-308-3264
Fax: 212-308-8830

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIDGE CLEARING & & OUTSOURCING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> - against - <br><br><br> ADNAN KHASHOGGI, <br><br> Defendant. | 07 Civ. 6611 (RJH) (HP) <br><br> ECF CASE <br><br> DECLARATION OF ALEXANDER B. BLUMROSEN REGARDING SERVICE OF SUMMONS AND AMENDED COMPLAINT |

ALEXANDER B. BLUMROSEN states under penalties of perjury as follows:

1.     I am an attorney, admitted to the bars of New York and Paris, France. I am a partner in the French law firm of Bernard – Hertz – Béjot, and have practiced law in France since 1989.

2.     I submit this Declaration regarding service of the Summons and Amended Complaint in the above-captioned matter.

3.     I have acted as counsel for Plaintiff in this matter in France, and have been asked to provide this Declaration to confirm whether proper service has been made on M. Adnan Khashoggi at his address in France in this matter.

4.     Service in France is properly effected under the Hague Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which entered into force in the United States on February 10, 1969, and in France on September 1, 1972 (hereafter the "Hague Service Convention").

5.     Article 10 of the Hague Service Convention provides, in part, that, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

6.   France has not objected to service under article 10(c) of the Hague Service Convention, and accordingly service is properly made in France under the French rules for serving a complaint in a civil matter.

7.   Service of process in France is properly made by process-server, an officer of the court who must effect service as provided in the New Code of Civil Procedure and establish an affidavit of service that states when and how service was effected.

8.   In this matter, I provided the Summons, Amended Complaint and all exhibits thereto to Mr. Gérard TREIBER, a process-server in Cannes, which is Mr. Khashoggi's place of residence, for service. We retained this particular bailiff because he had already served the summons and Complaint on Mr. Khashoggi, and a complaint from another American legal proceeding on Mr. Khashoggi at his Cannes residence.

9.   The process-server served the Summons, Amended Complaint and all exhibits thereto on Mr. Khashoggi on September 13, 2007. His Affidavit of Service is attached hereto as Exhibit A, and an English translation is attached as Exhibit B.

10.   Article 655 of the New Code of Civil Procedure provides for substitute service of a complaint at a defendant's residence, as follows:

> "Where the signification in person shall prove to be impossible, the process paper may be delivered either at the place of domicile or, in default of a known place of domicile, at the place of residence.
>
> The process-server must describe in the process paper the steps he took to proceed with personal service, as well as the circumstances making such service impossible.
>
> The copy may be delivered to any person present at the place of domicile or at the place of residence of the addressee.
>
> The copy may be left only on condition that the person present accepts, and states his/her surname, first names, and capacity.
>
> The process-server must leave, in all cases, at the place of domicile or residence of the addressee, a dated notice of his visit advising of the delivery of the copy and indicate the nature of the process and the surname of the petitioner as well as providing such information relating to the person to whom the copy has been delivered."

11.   Upon review of the Affidavit of Service, I confirm that service was properly made under French law and conforms to articles 653 and following of the New Code of Civil Procedure.

12. The foregoing is my true and correct understanding of the facts and matters of French law pertaining thereto.


Signed in Paris, France
October 9, 2007

_____
Alexander B. Blumrosen

# Exhibit A

°XE0,59.27,59.27,0,127,127                                  Réf: 0709120028

# SIGNIFICATION D'UN ACTE
# PAR HUISSIER DE JUSTICE

Le présent acte est signifié par :

Société Civile Professionnelle
Gérard TREIBER
Pierre JULIEN
N. NONCLERCQ-REGINA
Jérome LALEURE

Huissiers de Justice
Associés
1, Rue du Chataignier
06400 - CANNES
Tél : 04.92.99.58.88
Fax : 04.92.99.58.91

SOCIÉTÉ CIVILE PROFESSIONNELLE
Gérard TREIBER
Pierre JULIEN
Nathalie NONCLERCQ REGINA
Jérôme LALEURE
Huissiers de Justice Associés

1 Rue du Châtaignier - 06400 CANNES
Tel. 04 92 99 58 88 - Fax 04 92 99 58 91
SIRET 782 509 137 00025

# SIGNIFICATION

L'AN DEUX MILLE SEPT SEPTEMBRE
Et le treize

J'ai Nathalie NONCLERCQ REGINA, Huissier de Justice Associé au sein de la Société Civile Professionnelle Gérard TREIBER, Pierre JULIEN, Nathalie NONCLERCQ REGINA et Jérôme LALEURE, titulaire d'un office d'huissier de justice près le Tribunal de Grande Instance de Grasse, à la résidence de CANNES, y demeurant 1 Rue du Châtaignier, soussigné.

SECOND ORIGINAL

A :

**Monsieur Adnan KHASHOGGI**
Demeurant Résidence le Marly 104 Boulevard de la Croisette 06400 Cannes

Comme indiqué sur le procès-verbal de signification ci-annexé,

**A LA DEMANDE DE :**

CABINET d'avocats LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Agissant en qualité de conseils américains de la société Ridge Clearing & Outsourcing Solutions, Inc.

Elisant domicile en notre Etude,

**NOUS VOUS SIGNIFIONS, EN TETE DES PRESENTES, COPIE DE :**

- l'assignation modifiée devant le Tribunal de Première Instance des Etats-Unis pour le Secteur Sud de New York à la requête de la société Ridge Clearing & Outsourcing Solutions, Inc., représentée par le cabinet Levi Lubarsky & Feigenbaum LLP, en langue anglaise
- les Annexes A à G à l'assignation modifiée en langue anglaise
- une sommation de répondre (« Summons in a civil case ») en langue anglaise
- la déclaration conforme à l'article 7.1 du code fédéral de procédure civile
- les règles individuelles du juge Henry Pitman
- les règles individuelles du juge Richard J. Holwell
- les procédures de dépôt de dossier électronique
- les 3èmes instructions amendées pour l'enregistrement électronique d'une affaire ou d'un appel
- les directives pour le dépôt de dossier électronique

ainsi que leur traduction en langue française.

Vous indiquant que le présent acte comporte 207 pages dont celle-ci.

La présente signification vous est faite à toutes fins afin que vous ne puissiez l'ignorer.

# SIGNIFICATION DE L'ACTE

L'acte a été signifié par clerc assermenté.

L'adresse du requis m'est connue pour lui avoir déjà signifié de nombreux actes.

J'ai toutefois préalablement vérifié l'adresse du domicile de Monsieur Khashoggi, en consultant notamment les Pages Blanches. Son nom y figurait bien.

Je me suis transporté le jour, mois et année ci-dessus indiqué à 06400 CANNES, 104 Boulevard de la Croisette, Le Marly D, à l'adresse indiquée de Monsieur Adnan KHASHOGGI.

Là étant, j'ai rencontré le gardien de la résidence qui m'a confirmé le domicile du requis.

Il m'a précisé que le requis était occupant des 6ème et 7ème étages de la Résidence.

Répondant à mes appels, une personne de sexe masculin m'a ouvert la porte, s'identifiant comme étant Monsieur SLEMANE RAFIC, employé de maison.

Celui-ci m'a confirmé la constance du domicile du requis.

Je lui ai demandé si monsieur Adnan KHASHOGGI était présent.

Il m'a alors été répondu que le requis était actuellement absent, sans savoir avec précision à quelle date il serait de retour.

Je lui ai demandé s'il acceptait de recevoir l'acte.

Celui-ci l'ayant refusé, je lui ai remis un avis de passage afin qu'il le remettre au requis, daté, avertissant le requis de la remise de la copie, et mentionnant la nature de l'acte, le nom du requérant ainsi que l'indication que la copie de l'acte doit être retirée dans le plus bref délai en mon étude, contre récépissé ou émargement, par l'intéressé ou par toute personne spécialement mandatée, et ce conformément à l'article 656 du NCPC.

De retour en mon étude j'ai, le premier jour ouvrable suivant, adressé la lettre simple au requis prévue à l'article 658 du NCPC, comportant les mêmes mentions que l'avis de passage et rappelant que, la copie de l'acte ayant été déposée en mon étude, l'huissier de justice peut, à la demande du destinataire, transmettre la copie de l'acte à une autre étude où celui-ci pourra le retirer dans les mêmes conditions.

La lettre contient en outre une copie de l'acte de signification

COUT : 80.60 Euros

| | |
|---|---|
| Droits fixes art 6-7 | 52.80 |
| Taxe de transport | 6.22 |
| S/TOTAL | 59.02 |
| T.V.A. | 11.57 |
| AFFR. | 0.86 |
| ENREG | 9.15 |
| TOTAL | 80.60 |

Visées par l'Huissier de Justice les mentions relatives à la signification

Acte compris dans l'état déposé au Bureau de l'enregistrement pour le mois de SEPTEMBRE.

**Exhibit B**

NOTIFICATION OF SUMMONS
BY PROCESS-SERVER

This summons is served by:

Société Civile Professionnelle
Gérard TREIBER
Pierre JULIEN
N. NONCLERCQ-REGINA
Jérôme LALEURE

Huissiers de Justice
Associés
1, rue du Chataignier
06400 - CANNES
Tél : 04.92.99.58.88
Fax : 04.92.99.58.91

## SERVICE

THE YEAR TWO THOUSAND AND SEVEN
And on the thirteenth of SEPTEMBER

> I, the undersigned, Nathalie NONCLERCQ-REGINA, Process server, partner of the non-trading partnership Gérard TREIBER, Pierre JULIEN, Nathalie NONCLERCQ-REGINA and Jérôme LALEURE, officially registered as process-servers with the Court of Grasse, at the residence of CANNES, domiciled 1 rue du Chataignier.

TO:

**Mr. Adnan KHASHOGGI**
Residing Résidence Le Marly 104 Boulevard de la Croisette 06400 Cannes

As indicated on the attached notification of service,

**AT THE REQUEST OF:**

Law firm LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Acting as American counsel for the company Ridge Clearing & Outsourcing Solutions, Inc.

Electing domicile in our office,

**WE HEREBY SERVE ON YOU A COPY OF:**

- the amended complaint before the District Court of the United States Southern District of New York at the request of the company Ridge Clearing & Outsouring solutions, Inc. represented by the law firm Levi Lubarsky & Feigenbaum LLP, in English
- Exhibits A to G to the amended complaint in English
- Summons in a civil case in English
- Statement pursuant to Federal rules of civil Proceedings 7.1
- Individual practices of magistrate Judge Henry Pitman
- Individual practices of judge Richard J. Holwell
- Procedures for electronic case filing
- 3rd amended instructions for filing an electronic case or appeal
- guidelines for electronic case filing

as well as the translation of said documents in the French language.

Informing you that this notification contains 207 pages including this one.

This notification is served on you for any and all purposes so that you must necessarily be aware of it.

## PROCESS SERVICE

The service has been effected by a duly authorized process-server.

The address of the defendant is known to me because I have already served process on him a number of times.

However, I have first verified the address of Mr. Khashoggi's domicile, in particular by searching the white pages. His name is indeed referenced there.

I went to the address referenced for Mr. Adnan Khashoggi, Le Marly D, 104 Boulevard de la Croisette, 06400 Cannes, on the day, month and year here above indicated.

When I was there, I met the caretaker of the residential apartment building who confirmed that this is the domicile of the defendant.

He added that the defendant occupied the 6th and 7th floor of the residential apartment building.

Answering my calls, a man opened the door, identifying himself as Mr. SLEMANE RAFIC, domestic employee.

He confirmed to me that the defendant is frequently in residence at this address.

I asked him if Mr. Adnan Khashoggi was present.

He then replied that the defendant was currently absent, and that he did not know precisely when he would be back.

I asked him if he would accept the notification.

He refused, and I therefore gave him an "attempted delivery" notice to be remitted to the defendant, dated, informing the defendant of the delivery of the process, and identifying the nature of the process, the name of the claimant and explaining that the copy of the process must be collected within the shortest time period at my office, against acknowledgment of receipt or signature, by the interested party or by any person specially empowered to that effect, in compliance with section 656 of the New Code of Civil Procedure (NCCP).

When I came back to my office, I sent to the defendant on the following working day the letter provided for under section 658 of the NCCP, containing the same information as the attempted delivery notice and indicating that the copy of the process having been filed at my office, the process server can, upon request of the addressee, forward the copy of the process to the office of another process-server where the addressee can collect the process under the same conditions.

The letter also contains a copy of the notification of service.

Costs: 80.60 euros

| | | |
|---|---|---|
| Set fees art. 6-7 | 52.80 | |
| Transport fee | 6.22 | |
| S/total | 59.02 | |
| VAT | 11.57 | *[stamp of the process-server]* |
| Postage | 0.86 | |
| Registration | 9.15 | |
| Total | 80.60 | indications relating to the service stamped by the process-server |

Notification of service included in the statement filed with the tax registry for the month of September

# EXHIBIT C

AO 440 (Rev. 8/01) Summons in a Civil Action

## UNITED STATES DISTRICT COURT

__Southern__ District of __New York__

Ridge Clearing & Outsourcing Solutions, Inc.

V.

Adnan Khashoggi

SUMMONS IN A CIVIL ACTION

CASE NUMBER: 07 Civ 6611 RJH HP

TO: (Name and address of Defendant)

Adnan Khashoggi
104 Bd de la Croisette
Cannes, France

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Gail R. Zweig
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Fl.
New York, NY 10036

an answer to the *amended* complaint which is served on you with this summons, within *the time remaining for response to the original complaint or within 10* days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                    SEP 0 6 2007
CLERK                                  DATE

*Marcos Quintero*
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                    *Signature of Server*

                                               _____
                                               *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.