Maranda E. Fritz
HINSHAW & CULBERTSON LLP
780 Third Avenue, 4th Floor
New York, New York 10017
Telephone: (212) 471-6200
Facsimile: (212) 935-1166

*Attorneys for Defendant*
*Adnan Khashoggi*

## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIDGE CLEARING & OUTSOURCING SOLUTIONS, INC., <br><br>                        Plaintiff, <br><br>      -against- <br><br> ADNAN KHASHOGGI,, <br><br>                   Defendant. | 07 Civ. 6611 (RJH)(HP) <br><br> ECF Case <br><br><br> **ANSWER TO AMENDED COMPLAINT** |

      Defendant, ADNAN KHASHOGGI, by and through his attorneys HINSHAW &

CULBERTSON LLP, as and for his Answer to Plaintiff's Amended Complaint, states as

follows:

### NATURE OF THE CASE

    1.    Defendant denies the truth of the allegations contained in paragraph 1 of the

Amended Complaint.

    2.    Defendant denies the truth of the allegations contained in paragraph 2 of the

Amended Complaint.

    3.    Defendant denies the truth of the allegations contained in paragraph 3 of the

Amended Complaint.

1

4.    Defendant denies the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5.    Defendant denies the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.    Defendant denies the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.    Defendant denies the truth of the allegations contained in paragraph 8 except admits that defendant Khashoggi has not paid amounts demanded by plaintiff.

9.    Defendant denies the truth of the allegations contained in paragraph 9 of the Amended Complaint.

## THE PARTIES

10.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.    Defendant admits the allegations contained in paragraph 11 of the Amended Complaint.

## OTHER RELEVANT PERSONS AND ENTITIES

12.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint except that Ultimate appears to be a Bermuda entity.

13.    Defendant denies the truth of the allegations contained in paragraph 13 of the Amended Complaint.

2

14.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint except the El-Batrawi managed and/or operated Ultimate.

## JURISDICTION AND VENUE

16.    Defendant admits the allegations contained in paragraph 16 of the Amended Complaint.

17.    Defendant denies the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

## ANSWER TO STATEMENT OF FACTS

19.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.    Defendant denies the truth of the allegations contained in paragraph 20 of the Amended Complaint except denies knowledge of information allegations regarding El-Batrawi's transactions.

21.    Defendant denies the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

31026693v1 7048395

23.    Defendant denies the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.    Defendant denies the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.    Defendant denies the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.    Defendant denies the truth of the allegations as to defendant Khashoggi contained in paragraph 26 of the Amended Complaint.

27.    Defendant denies the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.    Defendant denies the truth of the allegations contained in paragraph 28 of the Amended Complaint except admits that plaintiff attached a margin agreement to the complaint which appears to have been executed by Ramy El-Batrawi and/or Collette Johnson.

29.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

31026693v1 7048395

34.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.

40.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

31026693v1 7048395

45.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint except admits that Exhibit B contains documents apparently executed by Ramy El-Batrawi and/or Collette Johnson and includes the quoted language.

49.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint except admits that Exhibit B includes the quoted language.

52.    Defendant admits the allegations contained in paragraph 52 of the Amended Complaint.

53.    Defendant admits that Defendant Khashoggi has failed to pay amounts demanded by plaintiff.

54.    Defendant denies the truth of the allegations contained in paragraph 54 of the Amended Complaint.

31026693v1 7048395

55.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56.    Defendant admits the allegations contained in paragraph 56 of the Amended Complaint.

57.    Defendant denies the truth of the allegations contained in paragraph 57 of the Amended Complaint.

58.    Defendant denies the truth of the allegations contained in paragraph 58 of the Amended Complaint except admits that defendant Khashoggi has not paid amounts demanded by plaintiff.

59.    Defendant denies the truth of the allegations contained in paragraph 59 of the Amended Complaint.

60.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.

61.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.

62.    Defendant denies the truth of the allegations contained in paragraph 62 of the Amended Complaint.

63.    Defendant denies the truth of the allegations contained in paragraph 63 of the Amended Complaint.

64.    Defendant denies the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65.    Defendant denies the truth of the allegations contained in paragraph 65 of the Amended Complaint.

31026693v1 7048395

66.    Defendant denies the truth of the allegations contained in paragraph 66 of the Amended Complaint.

67.    Defendant denies the truth of the allegations contained in paragraph 67 of the Amended Complaint.

68.    Defendant denies the truth of the allegations contained in paragraph 68 of the Amended Complaint.

69.    Defendant denies the truth of the allegations contained in paragraph 69 of the Amended Complaint except admits that an SEC proceeding was commenced.

## ANSWER TO FIRST CAUSE OF ACTION

70.    Defendant repeats and re-alleges its responses contained in paragraphs 1 through 69 above in answer to paragraph 70 of the Amended Complaint.

71.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint.

72.    Defendant denies the truth of the allegations contained in paragraph 72 of the Amended Complaint.

73.    Defendant denies the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74.    Defendant denies the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75.    Defendant denies the truth of the allegations contained in paragraph 75 of the Amended Complaint.

31026693v1 7048395

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### STATUTE OF LIMITATIONS/LACHES

76.     Plaintiff's claims are barred in whole or in part by the statute of limitations applicable to their claims and/or by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE
### WAIVER

77.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
### ESTOPPEL

78.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

79.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### ASSUMPTION OF THE RISK

80.     Plaintiff assumed the risk of any and all losses that they may have incurred.

### SIXTH AFFIRMATIVE DEFENSE
### CONTRIBUTORY FAULT

81.     Plaintiff's losses, if any, were caused or contributed to by their actions and/or omissions, and/or by the actions and/or omissions of others over whom the Defendant had no control or responsibility.

31026693v1 7048395

## SEVENTH AFFIRMATIVE DEFENSE
## RATIFICATION

82.    Plaintiff's claims are barred in whole or in part by the defense of ratification.

## EIGHTH AFFIRMATIVE DEFENSE
## INTERVENING ACT

83.    Plaintiff's losses, if any, were caused by intervening events over which Defendant had no control and for which he is not responsible.

## NINTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE DAMAGES

84.    Plaintiff's claims, are barred or must be reduced by their failure to mitigate their alleged damages and by the doctrine of avoidable consequences.

## TENTH AFFIRMATIVE DEFENSE
## FAILURE TO JOIN

85.    To the extent that plaintiff sustained any damages by virtue of the conduct set forth in the Amended Complaint, those damages were caused exclusively by the acts of others including El-Batrawi.

86.    El-Batrawi is an indispensable party.

87.    Plaintiff has failed and declined to name El-Batrawi as a Defendant in this action.

88.    Upon information and belief, El-Batrawi is subject to service of process and his joinder will not deprive this court of jurisdiction over the subject matter of this proceeding.

89.    Because plaintiff failed to join indispensable parties, complete relief cannot be accorded, the Defendant is subject to a substantial risk of multiple or inconsistence obligations, and this action should be dismissed for nonjoinder.

31026693v1 7048395

**WHEREFORE,** Defendant, Adnan Khashoggi seeks an order of the court dismissing the Amended Complaint or, in the alternative, requiring joinder of indispensable parties, and providing such other and further relief as the court deems just and proper.


Dated: February 8, 2008
       New York, New York


                              HINSHAW & CULBERTSON LLP.


                              By:_____
                                   Maranda E. Fritz
                                   780 Third Avenue, 4th Floor
                                   New York, New York 10017
                                   Telephone: (212) 471-6200
                                   Facsimile:  (212) 935-1166

                                   *Attorneys for Defendant*
                                   *Adnan Khashoggi*

11